**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   CR-20-130-SLP |
| ) | CIV-24-757-SLP |
| JADE CHRISTIAN NICHOLS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 84], to which the Government has responded [Doc. No. 86]. Defendant has not replied and the time for doing so has expired. *See* Order [Doc. No. 85]. Upon review and for the reasons that follow, the § 2255 Motion is DENIED.

**I.      Factual and Procedural History**

On June 8, 2021, a jury found Defendant guilty of two counts of witness tampering, in violation of 18 U.S.C. § 1512(a)(2)(A). *See* Verdict [Doc. No. 50]. Defendant was sentenced to a term of 218 months' imprisonment as to each count, to run concurrently. The sentence was further ordered to run concurrently to a 218-month sentence imposed in *United States v. Nichols*, Case No. CR-21-222-1-SLP (W.D. Okla.), but consecutive to a 120-month sentence imposed in *United States v. Nichols*, Case No. CR-20-6-F (W.D. Okla.). *See* Judgment [Doc. No. 63].

Defendant filed a direct appeal of his conviction. He challenged the sufficiency of

the evidence with respect to his first count of conviction for witness tampering. He argued the evidence was insufficient to establish the intent element of the statutory charge, i.e., that he attacked a federal witnesses, Irwin Mancilla, with the "intent to . . . influence, delay, or prevent [his] testimony." *See United States v. Nichols*, Nos. 22-6079, 22-6080 and 22-6155, 2023 WL 5994479 at *2 (10th Cir. Sept. 15, 2023) (quoting 18 U.S.C. § 1512(a)(2)(A)). The Tenth Circuit rejected this claim and affirmed the conviction. *Id*. at *2-3.

## II. Defendant's § 2255 Claims

Defendant brings three grounds for relief. First he claims the evidence was insufficient to support his conviction. In support of this claim, Defendant states: "There was [sic] no facts or evidence to support that witnesses were assaulted to influence or prevent testimony." Mot. at 4. Second, Defendant claims "hearsay" testimony was insufficient to support his conviction. *Id*. at 5. And finally, Defendant claims his sentence was "substantively unreasonable." *Id*. at 7. Specifically, he claims that ordering his 218-month sentence to run "consecutive from other cases" is "outrageous" as "that's the majority of the rest of my life." *Id*.

In response, the Government argues that Defendant's first claim is barred as to Count 2 of the Indictment (charging tampering as to federal witness J.S.) because he failed to raise this claim on direct appeal. Resp. at 3. The Government further argues that Defendant's first claim is barred as to Count 1 of the Indictment (charging tampering as to federal witness I.E.M.) because Defendant raised the claim on direct appeal and the Tenth Circuit rejected the claim. *Id*.

As to Defendant's second claim, the Government argues that this claim is also barred because Defendant did not raise the claim on direct appeal. And finally, as to Defendant's third claim, the Government argues he raised a challenge to the substantive reasonableness of his sentence on direct appeal and, therefore, he is now barred from raising it in his § 2255 Motion.

### III. Discussion

Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue at trial or on direct appeal results in a procedural default of the claim. *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). Procedural default can be excused if the defendant can show that cause and prejudice exist to excuse the default or that a fundamental miscarriage of justice will occur if the claim is not addressed. *McGaughy*, 670 F.3d at 1159; *Barajas-Diaz*, 313 F.3d at 1247.[1]

Here, the Court agrees with the Government that Defendant's first claim for relief, as to Count 2 of the Indictment (witness J.S. or Justin Schneider), and his third claim for relief are procedurally barred. Defendant did not raise these claims on direct appeal. Defendant fails to show cause or prejudice to excuse his procedural default, nor does he demonstrate that a fundamental miscarriage of justice will result if the court fails to

---

[1] The fundamental miscarriage of justice exception is "very narrow" and requires a § 2255 movant to "supplement his constitutional claim with a colorable showing of factual innocence." *Klein v. Neil*, 45 F.3d 1395, 1400 (10th Cir. 1995).

consider his claims. Defendant's Motion presents his claims in the most superficial manner. And, although Defendant was given the opportunity to file a Reply, he failed to do so. Accordingly, the Court finds these claims are procedurally defaulted.

Defendant's first claim as to Count 1 of the Indictment (witness I.E.M. or Irwin Mancilla) and his third claim, challenging the substantive reasonableness of his sentence, are also barred. Defendant raised these claims before the Tenth Circuit on direct appeal and they were rejected. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *see also United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (because defendant's claims were "previously considered and disposed of" on direct appeal, the defendant "may not raise these issues under § 2255"). Therefore, Defendant's remaining claims are also barred.

## IV. Evidentiary Hearing

In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a defendant's claims where "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief. . . ." 28 U.S.C. § 2255. The court concludes that the record in this case conclusively shows that Defendant is not entitled to any relief on any of the claims he asserts. Therefore, Defendant is not entitled to an evidentiary hearing.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 84] is DENIED.  A separate judgment shall be entered.

IT IS FURTHER ORDERED that  pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2). To make this showing, Defendant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]'" *United States v. Manzanares*, 956 F.3d 1220, 1226-27 (10th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a COA is DENIED and the denial shall be included in the judgment.

IT IS SO ORDERED this 21st day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE